LCM (58479-2)

UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN N. GABOR,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSOCIATED CREDIT SERVICES, INC. and GREAT AMERICA, LLC.<br><br>    Defendants | No. 1:20-cv-03364 |

**DEFENDANT GREAT AMERICA, LLC'S PARTIAL
MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, Great America, LLC, by and through its attorneys, Molzahn, Reed & Rouse, LLC pursuant to Federal Rule of Civil Procedure 12(b)(6) and for its Partial Motion to Dismiss Count I of Plaintiff's Complaint, states as follows:

**INTRODUCTION AND BACKGROUND**

Plaintiff's Complaint arises out of the attempt to collect a $592.46 debt from Plaintiff after Plaintiff allegedly sought bankruptcy protection under Chapter 7. The debt arose from Plaintiff's failure to pay for a membership to Six Flags Great America. According to Plaintiff's allegations, the $592.46 debt was sent to a collections agency, Associated Credit Services, Inc. ("ACS") after receiving notice of Plaintiff's bankruptcy petition. *See* Plaintiff's Complaint attached as Exhibit A, ¶¶ 15-22. Plaintiff specifically alleges that "ACS sent a letter to Plaintiff, dated May 6…" for collection of the unpaid debt. Plaintiff's Complaint does not allege that Great America was a debt collector, that Great America held itself out as or purported to be a debt collector, or took any

affirmative action in collecting the debt aside from referring "Plaintiff's $592.46 balance for collection." Exhibit A, ¶ 21.

Count I of Plaintiff's Complaint seeks relief for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") codified at 15 U.S.C. § 1692 *et seq*. Count I is not directed solely against ACS, despite attributing specific conduct to ACS and seeking certain damages solely against ACS. While the failure to direct Count I against ACS may have been done inadvertently, Count I, as pled is directed at Great America and ACS. Great America is not a debt collector as defined by 15 U.S.C. § 1692a(6) and did not act to collect a debt as contemplated by 15 U.S.C. § 1692, and as a result, Count I directed at Great America should be dismissed for failure to state a claim under 15 U.S.C. § 1692 against an entity that is not a debt collector.

## LEGAL STANDARD

In deciding a Fed.R.Civ.P. 12(b) (6) motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1429-30 (7th Cir. 1996). For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Travel All Over the World,* 73 F.3d at 1428.

## ARGUMENT

Plaintiff's Complaint does not allege that Great America is a debt collector pursuant to 15 U.S.C. § 1692a(6) and that Great America violated 15 U.S.C. §§ 1692e(2)(A) and f(1). Allegations

for violation of the FDCPA are directed solely at ACS, the debt collection agency that sought to collect the debt owed to Great America.

Plaintiff's Complaint (Exhibit A) alleges in part:

30. Thus, ACS violated 15 U.S.C. §§ 1692e(2)(A) by sending a dunning letter indicating that $592.46 was due and payable when the debt was included in Plaintiff's chapter 7 – constituting a false representation about the legal status of the debt.

32. ACS violated 15 U.S.C. §§ 1692f(1) by demanding payment from Plaintiff in violation of the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362).

**WHEREFORE,** Plaintiff requests the following relief:

A. Find that ACS violated 15 U.S.C. §§ 1692e(2)(A) and f(1);

B. Award any actual damage sustained by Plaintiff as a result of ACS's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1)… **Exhibit A**.

Plaintiff does not allege that the principal purpose of Great America's business is the collection of debts as is required by 15 U.S.C. § 1692a(6). In addition, the Seventh Circuit has held also that "[C]reditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the Act. This is consistent with the FDCPA's stated purpose of "eliminating abusive debt collection practices by debt collectors." *Aubert v. American General Finance*, 137 F.3d 976, 978 (7th Cir. 1998).

There are no allegations in Plaintiff's Complaint and no set of facts that would subject Great America to liability under the FDCPA. Great America was not and is not a debt collector. The Complaint fails to allege that Great America is a debt collector and therefore, Count I cannot be directed against Great America.

WHEREFORE, Defendant Great America, LLC requests that this Court grant Great America's Partial Motion to Dismiss Count I of Plaintiff's Complaint directed at Great America, pursuant to Fed. R. Civ. P. 12(b) (6) and for any additional relief that this court deems just.

Dated: July 10, 2020

Respectfully submitted,

Great America, LLC, Defendant

By: */s/ Lyndon C. Molzahn*
Lyndon C. Molzahn
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, IL  60602-5002
P: (312) 917-1880
F: (312) 917-1851
lcm@m2rlaw.com