LCM  (58479-2)

UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN N. GABOR,<br><br>        Plaintiff,<br><br>vs.<br><br>ASSOCIATED CREDIT SERVICES, INC.<br>and GREAT AMERICA, LLC.<br><br>        Defendants | No.  1:20-cv-03364 |

## GREAT AMERICA'S ANSWER TO COUNT II OF PLAINTIFF'S COMPLAINT

NOW COMES Defendant, GREAT AMERICA, LLC, ("Great America") by and through its attorneys, MOLZAHN, REED, & ROUSE, LLC, and for its Answer to Count II of Plaintiff, SHAUN N. GABOR'S Complaint, filed herein against it, states as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendants' violation(s) of the Fair Debt Collection Practices Act. (the "FDCPA"), 15 U.S.C. § 1692 et seq. and the automatic stay, 11 U.S.C. § 362.

**ANSWER:** Great America admits that Plaintiff's Complaint alleges violations of 15 U.S.C. § 1692 *et seq*. and 11 U.S.C. § 362 but denies that it violated those sections and that Plaintiff is accordingly entitled to relief.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** Admit

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:** Admit

### PARTIES

4. SHAUN N. GABOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 7604 West Strong Street, Norridge, Illinois 60706.

Doc:776474_1

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** Admit.

6. ASSOCIATED CREDIT SERVICES, INC., ("ACS") is a corporation organized and existing under the laws of the state of Massachusetts.

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. ACS has its principal place of business at 1I5 Flanders Road, Suite 140, Westborough, Massachusetts 01581.

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. ACS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. ACS uses instrumentalities of interstate commerce and the mail in its business - the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. GREAT AMERICA LLC ("Great America") is a limited liability company organized and existing under the laws of the states of Illinois.

**ANSWER:** Admit

11. Great American *(sic)* has its principal place of business at 542 North Routh 21, Gurnee, Illinois 60031.

**ANSWER:** Great America admits that Great America, LLC has its principal place of business at 542 North Routh 21, Gurnee, Illinois 60031.

## FACTUAL ALLEGATIONS

12. Plaintiff entered into a membership agreement with Six Flags Theme Parks.

**ANSWER:** Admit.

13. Plaintiff did not pay the monthly membership payments.

**ANSWER:** Admit.

14. Plaintiff was assessed the termination fee - remaining monthly membership payments.

**ANSWER:** Great America admits only that Plaintiff owed a balance of $592.46 and denies any and all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. On January 31, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code (the "Bankruptcy Code").

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. 11 U.S.C. § 362(a)(6) provides: "A petition filed under §§ 301, 302, or 303 of this title operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

**ANSWER:** Great America admits that Paragraph 16 of Plaintiff's Complaint cites to portions of 11 U.S.C. § 362(a)(6) but denies that Paragraph 16 is a complete recitation of 11 U.S.C. § 362(a)(6).

17. On February 21, 2020, an amended schedule F was filed in this case (the "Amended Schedule F").

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. The Amended Schedule F added the following names and addresses:

Six Flags Great America
Membership Collections
542 North Route 21
Gurnee, Illinois 60031

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Plaintiff's bankruptcy counsel filed an affidavit of service on February 21, 2020, which stated that an amended schedule F was served on the above parties on the same day.

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. On April 29, 2020, the chapter 7 trustee filed a no asset report in this case.

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Despite the automatic stay, on or before May 6, 2020, Great America referred Plaintiff's $592.46 balance for collection.

**ANSWER:** Great America admits that Plaintiff's past due balance was sent to collections prior to May 6, 2020, but denies that such action was taken in spite of the automatic stay.

22. ACS sent a letter to Plaintiff, dated May 6, 2020, which stated:

| | |
|---|---|
| Creditor | SIX FLAGS THEME PARKS |
| **Our Account #:** | **14673614** |
| Principal Balance: | $592.46 |
| Interest: | $0.00 |
| Fees: | $0.00 |
| Balance Due: | $592.46 |
| Creditor Account #: | 253496557 |

Your account has been listed with our office for collection.

Contact 800-962-9898.

\* \* \*

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## DAMAGES

23. The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove him into bankruptcy.

**ANSWER:** Great America admits that Paragraph 23 of Plaintiff's Complaint is a recitation of Senate Report No. 95-989.

24. Defendants' unlawful conduct deprived Plaintiff of one of her fundamental rights and led Plaintiff to believe her bankruptcy was for naught.

**ANSWER:** Deny.

25. Defendants' unlawful conduct caused anxiety, confusion, inconvenience and mental anguish.

**ANSWER:** Deny.

26. Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate his rights.

**ANSWER:** Deny.

26.*(sic.)* Accordingly, Plaintiff is forced to expend energy and time consulting with attorneys to put an end to Defendants' unlawful collection practices.

**ANSWER:** Deny.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

27 - 33. Count I of Plaintiff's Complaint as it pertains to Great America is subject to a Partial Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) and as a result, no answer is made.

### COUNT II:
### Automatic Stay (11 U.S.C. § 362)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:** Great America adopts and incorporates herein its Answers to Paragraphs 1 through and including 26 of Plaintiffs Complaint as if fully set forth herein. Paragraphs 27-33 are subject to a partial Motion to Dismiss and therefore no response has been made.

35. Section 362(a)(6) provides:

a. Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of -

…

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ...

**ANSWER:** Admit.

36. The automatic stay becomes effective at the moment a debtor's bankruptcy petition is filed. 11 U.S.C. § 362(a).

**ANSWER:** Admit.

37. Once effective, the automatic stay applied to "all entities" and to "any act to collect, assess, or recover" a claim pursuant to § 362(a)(6).

**ANSWER:** Great America denies that this is an accurate recitation of 11 U.S.C. § 362(a)(6).

38. The protection afforded by the automatic stay continues until a discharge is granted or denied, or the case is closed or dismissed. 11 U.S.C. § 362(c)(2).

**ANSWER:** Great America denies that this is an accurate recitation of 11 U.S.C. § 362(c)(2).

39. "The legislative history makes clear that [§ 362(a)(6)] was intended to prevent creditors from harassing debtors after a petition is filed." *NTL Computer Servs. Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253, 1257 (6th Cir. 1985) (citing House Report No. 95-595, 95th Cong., 1st Sess. 340-2 (1977); Senate Report No. 95-989, 95th Cong., 2nd Sess. 49-51 (1978).

**ANSWER:** Great America admits only that the citation in Paragraph 39 is accurate.

40. Section 362(h) provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

**ANSWER:** Deny.

41. The term "willful," while not defined in the Bankruptcy Code, has been interpreted to mean simply acting intentionally and deliberately while knowing of a pending bankruptcy. See, *e.g., Cuffee v. Atlantic Business & Community Dev. Corp. (In re Atlantic Business & Community Dev. Corp.)*, 901 F.2d 325, 329 (3rd Cir. 1990); *Knaus v. Concordia Lumber Co. Inc. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989); In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989).

**ANSWER:** Great America admits only to those definitions and findings of the Court as it pertains to the term "willful", and denies any and all remaining allegations or inferences contained in Paragraph 41 of Plaintiff's Complaint.

42. Plaintiff's amended schedule F was sent to Great America's address in Gurnee, Illinois.

**ANSWER:** Great America is without knowledge sufficient to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Great America, after having notice of Plaintiffs chapter 7 bankruptcy filing, referred Plaintiff s prepetition obligation to ACS.

**ANSWER:** Deny.

44. Great America willfully and flagrantly violated the automatic stay set forth in the Bankruptcy Code.

**ANSWER:** Deny.

45. When pre-petition creditors ignore § 362 of the Bankruptcy Code, they do so at their peril.

**ANSWER:** Great America admits only to those duties and obligations imposed by law and denies any and all remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Punitive damages are appropriate to deter a pattern of behavior that ignores the automatic stay.

**ANSWER:** Great America denies that punitive damages or any damages whatsoever are warranted in favor of Plaintiff and against Great America.

WHEREFORE, Plaintiff requests the following relief:

A. find that Great America violated 11 U.S.C. § 362;

B. award any actual damage sustained by Plaintiff as a result of Great America's violation pursuant to 11 U.S.C. § 362(h);

C. award such punitive damages, as the Court may allow, pursuant to 11 U.S.C. § 362(h);

D. award costs and attorneys' fees as the Court may allow, pursuant to 11 U.S.C. § 362(h); and

E. award such other relief as this Court deems just and proper.

WHEREFORE, Great America denies that it is liable to Plaintiff pursuant to any of the cited statutes or under any authority whatsoever for any amount of damages and requests that this Court dismiss Plaintiff's Complaint, with prejudice and for any additional amounts that this Court deems just.

Dated: July 10, 2020                  Respectfully submitted,

                                              Great America, LLC, Defendant

|     |     |
| --- | --- |
| By: | */s/ Lyndon C. Molzahn* |
|     | Lyndon C. Molzahn |
|     | MOLZAHN, REED & ROUSE, LLC |
|     | 20 North Clark Street, Suite 2300 |
|     | Chicago, IL 60602-5002 |
|     | P: (312) 917-1880 |
|     | F: (312) 917-1851 |
|     | lcm@m2rlaw.com |